

**NUMBER 13-10-690-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

ARNOLD BENAVIDES,                                                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                                                 **Appellee.**

---

**On appeal from the 94th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela**

Appellant, Arnold Benavides, pleaded guilty to the offense of failure to comply with registration requirements alleged to have occurred on or about October 24, 2006. *See* TEX. CODE CRIM. PROC. ANN. art. § 62.102(b)(2) (West 2006). The trial court sentenced Benavides to eight years in prison, but suspended the sentence and placed him on community supervision for ten years. At a hearing on the State's motion to revoke

probation on November 4, 2010, Benavides pleaded "true" to allegations that he had violated the terms of his probation by failing to register as a sex offender and failing to report to his community supervision officer. The trial court accepted Benavides's pleas of true, found that he had violated the terms of his community supervision, and sentenced him to six years in prison. We affirm the judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that, based upon his review of the record, "there are no grounds of error upon which an appeal can be predicated" and "the appeal is wholly without merit." Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2)

served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an adequate period of time has passed, and appellant has not filed a pro se brief in this matter.   *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of August, 2011.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See id.* R. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

4